## TUDOR *v.* SCOVELL.

Where a submission of specific matters in controversy requires the award to be made in writing, it is competent for the parties to waive the writing as to some of the matters submitted.

Evidence that a party acquiesced in a parol award relative to such matters, and received, and sold, and otherwise treated as his own the property so awarded to him, is competent to prove such waiver.

ASSUMPSIT, on an award. The declaration set forth a submission by which the parties, on the 9th day of March, 1847, appointed and empowered certain arbitrators to adjust all matters in dispute between them, relative to the division of the crops and stock upon a farm of the plaintiff, occupied by the defendant; the award to be made in writing, on or before the first day of the following May. "It being understood that the division of the stock may be made at any time, without reference to the other matters in question between the parties."

The award was also set forth, by which the arbitrators, in relation to the division of the crops, awarded that the defendant pay to the plaintiff $279.83, with costs of reference, amounting to $45.33.

It appeared that the stock referred to in the submission consisted of sheep and young cattle, owned by the plaintiff and defendant in common; that about the first of April the referees met the parties upon the place occupied by the defendant, and divided the stock, but there was no writing made relative to the division.

The plaintiff offered evidence to prove that both parties were present at the division of the stock, and made no objections to it, but were apparently satisfied; and that they made an arrangement between themselves as to the disposition of one creature, which the referees were unable to assign to either party; that the defendant took the part of the stock assigned to him into his possession, and advertised the same for sale at auction, and that he afterwards sold a part of the same at private sale. The defendant objected to the admission of this evidence, but the court held it admissible, as evidence tending to show a waiver on the part of the defendant of a written award in relation to the division of the stock. To this ruling the defendant excepted.

The jury found a verdict for the plaintiff, which the defendant moved to have set aside and a new trial granted,

on account of such ruling; and it was ordered that the questions be transferred to this court.

*Lane,* for the defendant.

*Vose,* for the plaintiff.

GILCHRIST, C. J.   It was held, upon questions reserved at a former trial of this cause, that an award was imperfect and without effect which did not extend to all the matters specifically embraced in the submission, or which did not meet its requirement by being made in writing.

The reason of this rule was shown to be, that an award owes its force and validity to the agreement of the parties, and is not of course binding upon them unless it be made in the manner which the agreement has pointed out.

But, in general, a party may waive a condition for which he has stipulated, and that principle seems applicable to the present case.   Whatever advantages the parties might have contemplated in requiring the award to be made in writing, they were competent to waive that condition as to the whole or a part of the matters included in it.

The case finds that a division of the stock was awarded, except as to one beast; that the parties acquiesced in that division, so far as it was made by the arbitrators; and as to the beast not included in the partition, made an arrangement between themselves; and, in short, excused the arbitrators from making an award in writing with respect to this branch of the controversy submitted to them.

It would be manifestly idle to require the arbitrators to award concerning matters expressly taken out of the submission, by the agreement and settlement of the parties, and contrary to the plainest justice to allow a party to take advantage of an omission which he had expressly authorized and sanctioned.

That the facts proved, and relied on as evidence of the waiver, were competent to establish that fact, we think

there can be no reasonable doubt. The party treated as his own the portion awarded to him, which he could not possibly have done if he had been expecting any further act on the part of the arbitrators to make the change of property complete.

We are, therefore, of the opinion that the ruling of the judge, as to the admission of the evidence, was correct, and that there must be

*Judgment on the verdict.*